UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ORLANDO CARTER, | ) | CASE NO. 4:15-cv-372 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| PNC BANK, NATIONAL ASSOCIATION, et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

On February 26, 2015, plaintiff *pro se* Orlando Carter, an inmate at the Federal Correctional Institution at Elkton, filed this *in forma pauperis* declaratory judgment action against defendants PNC Bank, National Association, and National City Bank nka PNC Financial Services Group. A motion to amend complaint was filed on May 8, 2015, asking the court to allow two minor modifications to the complaint. That motion is granted.

The complaint seeks an order declaring that plaintiff's company, CBST Acquisition, LLC, did not provide a legal and binding loan guaranty in 2004 to re-pay $4 million provided to the company by defendants. Plaintiff states he has suffered mental anguish and emotional distress because defendants assert there is such a guaranty. For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915(e).

Although pro se pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it

lacks an arguable basis in law or fact.[1] *Neitzke v. Williams*, 490 U.S. 319, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).

A cause of action fails to state a claim upon which relief my be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the pleading are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but the complaint must provide more than "an unadorned, the-defendant-unlawfully-harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

Plaintiff's current incarceration is the result of his convictions in the United States District Court for the Southern District of Ohio on eleven counts of bank fraud, mail fraud, bankruptcy fraud, and related offenses. *See*, *United States v. Orlando Carter*, S.D. Ohio Case No. 1:08CR51. He clearly seeks in the instant case to collaterally attack those convictions by

---

[1] A claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054, 106 S. Ct. 788, 88 L. Ed. 2d 767 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

way of a judgment from this Court concerning the loan guaranty at issue, the same approach he took in his Motion to Vacate, Set Aside or Correct Sentence filed with the trial court in his criminal case. *Id.*, Doc. No. 154.

When a prisoner challenges "the very fact or duration of his physical imprisonment, ... his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 501, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973). A prisoner may not raise claims in a civil action if a judgment on the merits of those claims would affect the validity of his conviction or sentence, unless the conviction or sentence has been set aside. *See Edwards v. Balisok*, 520 U.S. 641, 646, 117 S. Ct. 1584, 137 L. Ed. 2d 906 (1997); *Heck v. Humphrey*, 512 U.S. 477, 486, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). The holding in *Heck* applies whether the plaintiff seeks injunctive, declaratory or monetary relief. *Wilson v. Kinkela*, No. 97-4035, 1998 WL 246401, at *1 (6th Cir. May 5, 1998).[2]

Based on the foregoing, this action is dismissed under section 1915(e). Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: June 5, 2015

                                                   **HONORABLE SARA LIOI**
                                                   **UNITED STATES DISTRICT JUDGE**

---

[2] It should be noted that plaintiff's assertion that there was not a legal and binding loan guaranty, and that therefore his convictions were invalid, was explicitly rejected by the trial court in plaintiff's criminal case when that court denied his Motion to Vacate, Set Aside or Correct Sentence. *Carter*, *supra*, Doc. No. 172, pp. 8-11.